<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| VALORIE ALLEN-PERRY,                 | : |                              |
|                                      | : |                              |
|     Plaintiff,                       | : | Civil Action No. 15-1189 (SRC) |
|                                      | : |                              |
|     v.                               | : | **OPINION**                  |
|                                      | : |                              |
| COMMISSIONER OF SOCIAL SECURITY,     | : |                              |
|                                      | : |                              |
|     Defendant.                       | : |                              |
_____:

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Valorie Allen-Perry ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 1, 2009. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on January 10, 2013, and the ALJ issued an unfavorable decision on July 25, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of July 25, 2013, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a town clerk, eligibility worker, or security guard. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner improperly evaluated the medical evidence; 2) the Commissioner failed to properly assess Plaintiff's residual functional capacity; and 3) the ALJ failed to provide the vocational expert with an adequate hypothetical.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when

appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

In the instant case, Plaintiff has not even attempted to show how the ALJ's alleged errors were harmful to her. Rather, while Plaintiff argues generally that the ALJ did not follow the law, she has not gone any further.

Plaintiff's first two points on appeal overlap considerably. Both rest on the proposition that the ALJ erred in examining the medical evidence to arrive at the step four residual functional capacity determination. Plaintiff's opening brief devotes ten pages to these two points, but does little more than review the record and Social Security law in general. (Pl.'s Br. 14-24.)

The ALJ's discussion of the evidence for the step four residual functional capacity determination covers a great deal of medical evidence and is quite detailed. (Tr. 14-23.) The Commissioner, in opposition, points out that the record contains: 1) a report dated July 8, 2011 by DDS reviewer Dr. Borek, stating that Plaintiff retained the residual functional capacity for light work (Tr. 505-510); 2) a report dated September 23, 2011 by DDS reviewer Dr. Acuna, affirming Dr. Borek's opinion (Tr. 602); and 3) a report dated September 23, 2011 by Dr. King, stating that Plaintiff's mental impairments are not severe (Tr. 603-613).

Plaintiff argues, vaguely, that the ALJ improperly evaluated the medical evidence, but does not identify how. Conspicuously absent from Plaintiff's brief is any citation to any medical opinion that Plaintiff lacks the residual functional capacity to perform light work. The ALJ based her determination on, *inter alia*, medical expert determinations that Plaintiff retains the residual functional capacity to perform light work. Plaintiff urges this Court to reject the ALJ's

determination as not supported by substantial evidence, but the cited expert opinions constitute substantial evidence.  Moreover, the record overall supports the ALJ's determination that Plaintiff did not meet her burden of proof of disability.

The Third Circuit has held: "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."  Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  Plaintiff fails to explain how the step four analysis might have been performed differently so as to make a material difference in the disability determination.  This Court is not persuaded that the step four analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that she met her burden of proof at step four, such defects could not be more than harmless error.  As such, Plaintiff has failed to persuade that any possible errors at step four materially harmed her.  As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Lastly, Plaintiff contends that the ALJ erred at step five by submitting an incomplete hypothetical to the vocational expert.  The analysis did not proceed to step five.  Although the ALJ's decision does mention that written questions were submitted to a vocational expert (Tr. 10), the ALJ makes no further mention of this.  The vocational expert does not appear to have played any role in the disability determination.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision and that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


            s/ Stanley R. Chesler
          STANLEY R. CHESLER, U.S.D.J.

Dated: March 24, 2016